```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

| | | |
|---|---|---|
| IN RE MENTOR CORP. OBTAPE | * | MDL Docket No. 2004 |
| | | 4:08-MD-2004 (CDL) |
| TRANSOBTURATOR SLING PRODUCTS | * | |
| | | Case No. |
| LIABILITY LITIGATION | * | 4:13-cv-395 (Revia) |

<u>O R D E R</u>

Plaintiff Myra Revia alleges that she suffered injuries that were proximately caused by defects in Defendant Mentor Worldwide LLC's suburethral sling product, ObTape Transobturator Tape. Revia also asserts that she suffered injuries because Mentor did not adequately warn her physicians about the risks associated with ObTape. Mentor seeks summary judgment because Revia did not disclose a specific causation expert to opine that Revia's injuries were caused by defects in ObTape or a failure to warn. See Lewis Decl. ¶ 6, ECF No. 33-3 in 4:13-cv-395 ("Plaintiff has never identified any purported expert witness to opine on the issue of specific causation—that is, whether Plaintiff's ObTape was the proximate cause of her claimed injuries.").

Once Mentor showed that Revia could not produce admissible evidence to establish specific causation, Revia had the burden to point to some evidence to create a genuine fact dispute on specific causation. See Fed. R. Civ. P. 56(c)(1) ("A party

asserting that a fact . . . is genuinely disputed must support the assertion by citing to particular parts of materials in the record[.]"). Revia did not respond to Mentor's summary judgment motion. Thus, she did not point to any evidence to establish specific causation. Without such evidence, all of Revia's claims fail. *See, e.g., Starr v. A.J. Struss & Co.*, No. 01-14-00702-CV, 2015 WL 4139028, at *6 (Tex. App. July 9, 2015) ("To establish causation in a personal injury case, a plaintiff must prove that the conduct of the defendant caused an event and that this event caused the plaintiff to suffer compensable injuries." (quoting *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995)).[1] Mentor's summary judgment motion (ECF No. 33 in 4:13-cv-395) is therefore granted.

IT IS SO ORDERED, this 2nd day of September, 2016.

s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] Revia is a Texas resident whose ObTape-related treatment occurred in Texas, and she filed her complaint in this Court. Texas law therefore applies to Revia's claims.